IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 15-cv-00742

| | |
|---|---|
| CARRIE HUTSON, JEANNA SIMMONS, JENIFER SWANNER, INDIVIDUALLY AND AS CLASS REPRESENTATIVES,<br><br>Plaintiffs,<br><br>v.<br><br>CAH ACQUISITION COMPANY 10, LLC d/b/a YADKIN VALLEY COMMUNITY HOSPITAL; HMC/CAH CONSOLIDATED, INC.; and RURAL COMMUNITY HOSPITALS OF AMERICA, LLC,<br><br>Defendants. | COMPLAINT<br>(Jury Trial Demanded) |

NOW COMES Plaintiffs, Carrie Hutson, Jeanna Simmons, and Jenifer Swanner, (hereinafter collectively as "Named Plaintiffs") individually and on behalf of all similarly situated employees, by and through their undersigned counsel, complaining of Defendants CAH Acquisition Company 10, LLC d/b/a Yadkin Valley Community Hospital ("CAH"); HMC/CAH Consolidated, Inc. ("HMC"); and Rural Community Hospitals of America, LLC ("RCHA") (collectively "Defendants"), and hereby alleges as follows:

## PARTIES

1. Named Plaintiff Carrie Hutson ("Hutson") is an individual residing at 3729 Simmons Patton Road, Jonesville, NC 28642.

2. At all times relevant to this action, and unless stated otherwise herein, Plaintiff Hutson was an employee of Defendants during the period beginning on or about January 29, 2012 and ending on May 23, 2015 ("the Mass Layoff Termination Date"); during such period, Plaintiff worked as a nurse at the Defendants' Hospital located at 624 W. Main Street, Yadkinville, North Carolina, until her termination on the Mass Layoff Termination Date; and Plaintiff's employment by Defendants was terminated without cause on the Mass Layoff Termination Date.

3. Named Plaintiff Jeanna Simmons ("Simmons") is an individual residing at 2612 Forbush Road, East Bend, North Carolina 27018.

4. At all times relevant to this action, and unless stated otherwise herein, Plaintiff Simmons was an employee of Defendants during the period beginning on or about April 2005 and ending on May 23, 2015 ("the Mass Layoff Termination Date"); during such period, Plaintiff worked as Emergency Room Nurse Manager at the Defendants' Hospital located at 624 W. Main Street, Yadkinville, North Carolina, until her termination on the Mass Layoff Termination Date; and Plaintiff's employment by Defendants was terminated without cause on the Mass Layoff Termination Date.

5. Named Plaintiff Jenifer Swanner ("Swanner") is an individual residing at 3209 US HWY 21, Hamptonville, North Carolina 27021.

6. At all times relevant to this action, and unless stated otherwise herein, Plaintiff Swanner was an employee of Defendants during the period beginning on or about December 14, 2001 and ending on May 23, 2015 ("the Mass Layoff Termination

Date"); during such period, Plaintiff worked as Occupational Medicine Manager at the Defendants' Hospital located at 624 W. Main Street, Yadkinville, North Carolina, until her termination on the Mass Layoff Termination Date; and Plaintiff's employment by Defendants was terminated without cause on the Mass Layoff Termination Date.

7. In Plaintiffs' representative capacity, Named Plaintiffs and all of the similarly situated Class Members were, at all times relevant to this action, employed by the Defendants immediately prior to the Mass Layoff Termination Date; Plaintiffs and all of the similarly situated Class Members were terminated by the Defendants on the Mass Layoff Termination Date; and Plaintiffs and all of the similarly situated Class Members were not given timely, advance, or proper notice of such termination in violation of the Federal Worker Adjustment and Retraining Notification Act ("WARN Act").

8. Defendant CAH, upon information and belief, is a for-profit Delaware limited liability company with its principal office in Yadkinville, North Carolina. Upon information and belief, CAH holds the license for the Hospital.

9. Defendant HMC, upon information and belief, is a Delaware corporation with its principal office in Kansas City, Missouri. Upon information and belief, HMC acts as the "parent" of CAH and is the sole member and manager of CAH.

10. Defendant RCHA, upon information and belief, is a West Virginia limited liability company with its principal office in Kansas City, Missouri. Upon information and belief, RCHA is under contract to operate the Hospital for CAH and is also owned

and controlled by Defendant HMC. Moreover, upon information and belief, RCHA and HMC have several of the same executives.

11. Upon information and belief, money was comingled between the Defendants.

12. Until on or about the Mass Layoff Termination Date, the Plaintiff and all similarly situated employees were employed by Defendant CAH and worked at or reported to the Defendant CAH's Hospital.

13. Upon information and belief, the Defendant CAH made the decision to terminate the employment of the Plaintiff and the other similarly situated former employees.

**JURISDICTION AND VENUE**

14. This Court has subject-matter jurisdiction over this matter pursuant to 29 U.S.C. § 2104(a)(5), as this case is a suit to enforce a violation of the WARN Act, which violation is alleged to have occurred in this District and the Defendants transact business in this District.

15. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5), because the violation of the federal WARN Act occurred in this District.

**STATEMENT OF FACTS**

16. On or about April 22, 2010, upon information and belief, Defendant CAH purchased the Hospital in order to operate as a critical access hospital in the County of Yadkin.

17. On or about February 27, 2015, Defendant CAH notified Plaintiff and all of the similarly affected employees that it would close the Hospital and terminate all employees no later than April 30, 2015. Upon information and belief, Defendants urged

employees not to look for other jobs or it would result in closure earlier than the conclusion of the Lease.

18. Defendant CAH did not close the Hospital or terminate all employees prior to April 30, 2015.

19. Upon information and belief, in April 2015, Defendant CAH negotiated a lease extension with the County of Yadkin to operate the Hospital through July 31, 2015.

20. Upon information and belief, in May 2015, the County of Yadkin and Defendant CAH were in negotiations for the leasing of the Hospital after July 31, 2015. However, an additional lease was not completed.

21. On May 21, 2015, Defendants notified some of its employees that their final day of employment would be May 23, 2015, the Mass Layoff Termination Date. Additionally, those employees received a document detailing Human Resource related matters from Defendant HMC, with the contact individual being from Defendant RCHA.

22. Adequate notification was not given to the County of Yadkin, its citizens, its patients, and some of the Hospital employees that the Hospital would be closed.

23. Upon information and belief, on May 22, 2015, state regulators from the North Carolina Department of Health and Human Services were informed that the Hospital would close and all employees would be terminated on May 23, 2015, and immediately reported the information to the County of Yadkin.

24. Upon information and belief, an officer of one of the Defendants, Trent Skaggs, requested Shawn Bright, the Vice President of Operations for CAH, to immediately

shut down the Hospital at or about 6:00 P.M. on May 22, 2015. Following this phone call, upon information and belief, Mr. Bright locked the doors of the Hospital, discharged all patients as quickly as possible, covered all signs for the Hospital, posted closed signs, and notified all staff that they were terminated.

**CAUSE OF ACTION:**
**Warn Act Class Allegations (29 U.S.C. § 2104; Fed. R. Civ. P. 23)**

25. Named Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 to 2109, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to Defendants' Hospital and were terminated without cause on or about the Mass Layoff Termination Date, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or Hospital closing ordered by Defendants on or about May 23, 2015, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (hereinafter collectively referred to as the "WARN Act Class," and individually and collectively referred to as the "WARN Act Class Members").

26. Upon information and belief, during the 30 days starting on the Mass Layoff Termination Date, Defendants terminated Named Plaintiffs' employment, and the employment of each of the WARN Act Class Members as part of a mass layoff and/or Hospital closing as defined by 29 U.S.C. §§ 2101(a)(2), 2101(a)(3) for which they were entitled to receive 60 days' advance written notice under the Federal WARN Act.

27. Defendants as employers, did not give Named Plaintiffs or any of the WARN Act Class Members the statutorily required 60 days' notice of the mass layoff or termination in violation of the WARN Act.

28. Pursuant to 29 U.S.C. § 2104(a)(5), Named Plaintiffs maintain this claim on behalf of themselves and each of the other similarly situated former employees who are members of the WARN Act Class.

29. Each of the other similarly situated former employees are similarly situated to Named Plaintiffs in respect to his or her rights under the Federal WARN Act, in at least the following ways: Named Plaintiffs and the other similarly situated former employees were discharged by Defendants without cause on their part; Named Plaintiffs and the other similarly situated former employees are "affected employee(s)" within the meaning of the Federal WARN Act (29 U.S.C. § 2101(a)(5)); Defendants were required by the WARN Act to give Named Plaintiffs and other similarly situated former employees at least 60 days' advance written notice of their respective layoff and/or terminations; prior to their termination, neither Named Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act; and Defendants failed to pay Named Plaintiffs and the other similarly situated former employees their respective wages, salary, benefits, and accrued severance pay for the 60 days' period following notice of their terminations and after notice of their respective layoff and/or termination.

30. The WARN Act Class Members are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on

which the calculation of that number can be based are presently within the sole control of Defendants.

31. Upon information and belief, the identity of the members of the class and the recent residential address of each of the WARN Act Class Member is contained in the books and records of Defendants.

32. Upon information and belief, Defendants employed more than 130 employees at the Hospital. Additionally, upon information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Act Class Member at the time of his/her termination is contained in the books and records of Defendants.

33. Common questions of law and fact exist as to members of the WARN Act Class, including, but not limited to, the following: whether Defendants were employers under the WARN Act; whether all WARN Act Class Members were protected under the WARN Act; whether the members of the WARN Act Class were employees of Defendants who worked at or reported to Defendants' Hospital; whether Defendants unlawfully terminated the employment of the WARN Act Class Members without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and whether Defendants unlawfully failed to pay the WARN Act Class members 60 days' wages and benefits as required by the WARN Act.

34. Named Plaintiffs' claims are typical of those of the WARN Act Class. Named Plaintiffs and the proposed WARN Act Class Members worked at or reported to Defendants' Hospital and were involuntarily laid off or terminated without cause on

or about the Mass Layoff Termination Date, due to the mass layoffs and/or Hospital closing ordered by Defendants. Named Plaintiffs will fairly and adequately protect the interests of the WARN Act Class Members.

35. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Act Class predominate over any questions affecting only individual members of the WARN Act Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Act Class members are small compared to the expense and burden of individual prosecution of this litigation.

36. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments. It will also conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

37. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff pray this Court:

1. That the Named Plaintiffs and each of the WARN Act Class Members recover from the Defendants their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as adequate compensation for Defendants' failure to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations;
2. That the Named Plaintiffs and each of the WARN Act Class Members have and recover its reasonable attorney's fees from the Defendants;
3. That the Named Plaintiffs and each of the WARN Act Class Members be granted a trial by jury on all issues so triable;
4. That the costs of this action be taxed against the Defendants; and
5. That the Named Plaintiffs and each of the WARN Act Class Members be granted such other and further relief as this court may deem just and proper.

This the 10th day of September, 2015.

Taibi Kornbluth Law Group, P.A.

/s/ Michael A. Kornbluth

Michael A. Kornbluth
Attorney for Plaintiff
N.C. State Bar No. 27928
3100 Tower Blvd., Suite 800
Durham, NC 27707
Telephone: (919) 401-4100
Fax: (919) 401-4104

Zachary Law Offices

/s/ Lee Zachary

Lee Zachary
Attorney for Plaintiff
N.C. State Bar No. 6941
P.O. Box 1780
Yadkinville, NC 27055
Telephone: (336) 677-1777
Fax: (336) 677-1778