IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 15-cv-00742

| | |
|---|---|
| CARRIE HUTSON, JEANNA SIMMONS, JENIFER SWANNER, INDIVIDUALLY AND AS CLASS REPRESENTATIVES,<br><br>Plaintiffs,<br><br>v.<br><br>CAH ACQUISITION COMPANY 10, LLC d/b/a YADKIN VALLEY COMMUNITY HOSPITAL; HMC/CAH CONSOLIDATED, INC.; and RURAL COMMUNITY HOSPITALS OF AMERICA, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) **PLAINTIFFS' MEMORANDUM**<br>) **OF LAW IN SUPPORT OF ITS**<br>) **MOTION TO CERTIFY CLASS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

Plaintiffs Carrie Hutson, Jeanna Simmons, and Jenifer Swanner ("Named Plaintiffs") submit this Memorandum of Law in support of their Motion for (a) class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure comprised of Named Plaintiffs and all persons employed by Defendants who worked at the Yadkin Valley Community Hospital located at 624 W. Main Street, Yadkinville, North Carolina, who were terminated by Defendants without cause on or about May 23, 2015, within 30 days of May 23, 2015, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendant on or about May 23, 2015, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), (b) appointment of Taibi Kornbluth Law Group, P.A. and Zachary Law Offices as Class Counsel, (c)

1

appointment of Named Plaintiffs as Class Representatives, (d) approval of the form and manner of Notice of Class Action, and (e) such other and further relief as this Court may deem proper. This Motion is also supported by the accompanying declarations of the Plaintiffs ("Plaintiffs' Declarations") and Michael A. Kornbluth ("Kornbluth Declaration"), attached hereto as Exhibits A through C and D, respectively.

## BACKGROUND

Named Plaintiffs and other similarly situated persons of the proposed class ("Proposed Class") were employed by Defendants at the Yadkin Valley Community Hospital ("Yadkin Hospital") located at 624 W. Main Street, Yadkinville, North Carolina. The Proposed Class members were terminated as part of, or as a result of a mass layoff or plant closing, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101(a)(2) (the "WARN Act"). Defendants did not comply with the requirements of notice under the WARN Act in carrying out the terminations. None of the members of the Proposed Class received 60 days' pay and benefits in lieu of notice.

## STATEMENT OF THE CASE

The Named Plaintiffs' Class Action Complaint (hereinafter the "Complaint") was filed on September 10, 2015. The Complaint alleges a Rule 23(b)(3) class claim arising from Defendants' violation of the WARN Act (Compl. ¶ 35). The Complaint alleges that Defendants employed more than 130 employees at Yadkin Hospital who worked at least 5,200 hours per week and Defendants caused a "mass layoff" or "plant closing", pursuant to the WARN Act, that resulted in the loss of employment for all of the employees at the

2

Yadkin Hospital (Compl. ¶¶ 25, 32). Named Plaintiffs and other members of the Proposed Class were terminated without cause, and, along with other employees who lost their jobs as the reasonably foreseeable consequence of the mass layoff or plant closing, constitute "affected" employees under 29 U.S.C. § 2101(a)(5) (Compl. ¶ 26). Named Plaintiffs and the Proposed Class members were not given the 60 days' written notice required under the WARN Act and did not receive the required 60 days' wages and benefits from their former employer (Compl. ¶ 29).

The Complaint further alleges that the Proposed Class meets the requirements of Federal Rule of Civil Procedure 23 and that there are common questions of law and fact that are applicable to all members of the Proposed Class; that the Proposed Class is so numerous as to render joinder of all members impracticable; that Named Plaintiffs' claims are typical of the claims of the other members of the Proposed Class; that Named Plaintiffs will fairly and adequately protect and represent the interests of the Proposed Class; that Named Plaintiffs have the time and the resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving federal and state employment law and class actions (Compl. ¶¶ 30, 33-34).

The Complaint further alleges that the questions of law and fact common to the members of the Proposed Class predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial

3

resources to vigorously prosecute a lawsuit in federal court against a corporate defendant (Compl. ¶ 35).

On October 2, 2015, Defendants filed an Answer to the Complaint. Defendants generally deny the substantive allegations in the Complaint and assert numerous affirmative defenses. Among the affirmative defenses raised are that Named Plaintiffs' claims are barred by the exemptions and/or exceptions to the WARN Act (Eleventh Defense), that the Complaint should not proceed as a class action (Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Defenses).

## ARGUMENT

### CLAIMS UNDER THE WARN ACT ARE GENERALLY GRANTED CLASS CERTIFICATION AND THE PROPOSED CLASS SHOULD BE APPROVED

Courts in the Fourth Circuit regularly grant class certification for WARN Act cases. *See, In re Protected Vehicles, Inc.*, 397 B.R. 339, 346 (Bankr. D.S.C. 2008) (granting WARN class certification under Rule 23); *see also, Nolan v. Reliant Equity Investors, LLC*, No. 3:08-cv-62, 2009 WL 2461008 (N.D.W.Va. Aug. 10, 2009); *Washington v. Aircap Industries Corp.*, 831 F.Supp. 1292, 1300 (D.S.C. 1993) (granting class certification and noting "WARN is a remedial statute and must be construed broadly.") (internal citations omitted). In this respect, courts in the Fourth Circuit are similar to federal courts in other circuits, which routinely certify class actions under the WARN Act. *See, In re Spring Ford Ind.*, No. 02-15015DWS, 2004 WL 231010 (Bankr. E.D. Pa. Jan. 20, 2004) ("[T]he WARN Act seems particularly amenable to class

4

litigation given that its application is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more.").

"A district court has broad discretion in deciding whether to certify a class." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006) (quoting *Lienhart v. Dryvit Sys., Ins.*, 255 F.3d 138, 146 (4th Cir. 2001)). "Class certification is strictly a procedural matter, and the merits of the claim at stake are not to be considered when deciding whether to certify a class." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *see also In re Protected Vehicles*, 297 B.R. at 343 (noting class certification is merely procedural and not tantamount to an adjudication of the merits of the case).

Named Plaintiffs have alleged the following on behalf of themselves and the other similarly situated former employees: (1) they were terminated without cause on or about May 23, 2015; (2) they were terminated as the reasonably foreseeable consequence of the plant closing or mass layoff and are accordingly "affected employees" pursuant to 29 U.S.C. § 2101(a)(5); (3) they did not receive, and Defendants did not provide, the WARN Act-compliant 60 days' advance notice in writing of the plant closing or mass layoff; and (4) Defendant refused to compensate them for the required 60 days' wages and benefits under the WARN Act.

## THE PROPOSED CLASS COMPORTS WITH THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED

### I.     The Proposed Class Complies with the Requirements Under Rule 23(a).

The proposed class comports with the four requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. As stated in Rule 23:

5

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a), Federal Rules of Civil Procedure. The Fourth Circuit has held that "federal courts should give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case 'best serve the ends of justice for the affected parties and . . . promote judicial efficiency.'" *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (quoting *In re A.H. Robins*, 880 F.2d 709,740 (4th Cir. 1989)). As noted by the Fourth Circuit, the second through fourth requirements under Rule 23(a) tend to merge, "with commonality and typicality serving as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claim are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009).

A. <u>The Numerosity Requirement is Established as the Proposed Class Exceeds 100 Members</u>

The Proposed Class meets the numerosity requirement under Rule 23(a) as the class contains at or around 130 class members (***Plaintiffs' Declarations,* Exs. A-C**). Rule 23(a) of the Federal Rules of Civil Procedure permits certification of a class where "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23. "Impracticability means that the difficulty or inconvenience of joining all members of the

class calls for class certification." *In re Protected Vehicles, Inc.*, 297 B.R. at 343. "Courts consider a number of factors in considering whether joinder is practicable including the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Adams v. Henderson*, 197 F.R.D. 170 (D.Md. 2000) (internal quotation omitted).

In the Fourth Circuit, "No specified number is needed to maintain a class action under Fed.R.Civ.P. 23; [rather], application of the rule is to be considered in light of the particular circumstances of the case . . . ." *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1976) (finding a class of 18 was sufficient to meet the numerosity requirement); *Droste v. Vert Capital Corp.*, 3:14-cv-467, 2015 WL 1526432 (E.D. Va. Apr. 2, 2015) (finding a class of 51 to be sufficient); *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 130 (E.D.N.C. 2011). Ordinarily, a "class of 41 or more is usually sufficiently numerous." 5 *Moore's Federal Practice* § 23.22 (Matthew Bender 3d Ed.).

In the case *sub judice*, as stated in Plaintiff's Complaint, (Compl. ¶ 32), and further supported in declarations attached hereto (***Plaintiffs' Declarations,*** **Exs. A-C**), the Proposed Class exceeds 100 and likely numbers at or around 130 members. Most if not all of these members, upon information and belief, still reside within a commuter's distance of the former Yadkin Valley Community Hospital and can be readily ascertained with minimal discovery. The substantial size of the Proposed Class is sufficiently large that joinder would be impracticable.

7

B. <u>The Commonality Requirement is Established as the Proposed Class Advances Common Factual Circumstances and Legal Theories to Support Its Claims</u>

To show commonality, a Plaintiff must demonstrate "that there are questions of law or fact common to the class," and that the class members have "suffered the same injury." *Wal-Mart Stores., Inc. v. Dukes*, 131 S.Ct. 2541, 2550-51 (2011). "[O]nly those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997)). Moreover "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution-which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2551. Commonality does not require that "members of the class have identical factual and legal claims in all respects, [but] the class claims should be fairly encompassed by the named plaintiffs' claims." *Foster v. CEVA Freight, LLC*, 272 F.R.D. 171, 174 (W.D.N.C. 2011). In *Foster*, the court found the commonality prong met when the plaintiffs sought relief under the same statute, for the same course of conduct, based on the same legal theory. *Id.* at 174.

Named Plaintiffs' Complaint alleges that all of the members of the Proposed Class are former employees of Defendants, were terminated on the same day without cause, were entitled to 60 days' notice under the WARN Act, and were not provided 60 days' notice as required under the WARN Act (Compl. ¶ 29). Resolution of the issue of

whether Defendants complied with their obligations under the WARN Act with respect to the termination of the members of the Proposed Class will necessarily determine a central component of the litigation for all members in a single stroke. The common issue of WARN Notice to all members of the Proposed Class is the exact kind of circumstance the Supreme Court identified in *Dukes* as one necessitating class certification. Accordingly, Named Plaintiffs' Complaint has sufficiently alleged common questions of law or fact among the Proposed Class.

C. <u>The Typicality Requirement is Established as the Proposed Class Advances Common Factual Circumstances and Legal Theories to Support Its Claims</u>

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Lienhart*, 255 F.3d at 146 (quoting *General Te. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)). As explained by the Fourth Circuit in *Deiter*:

> The typicality requirements goes to the heart of a representative [party's] ability to represent a class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements. The representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members. For that essential reason, plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. This is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned. But when the variation in claims strikes at the heart of the respective causes of actions, we have readily denied class certification. In the language of the Rule, therefore, the

9

representative party may proceed to represent the class only if the plaintiff establishes that his *claims or defenses* are typical of the *claims or defenses* of the class.

*Deiter v. Microsoft Corp.*, 436 F.3d 461, 466-67 (4th Cir. 2006). In *Droste*, a recent WARN Act case, the court found the requirement of Typicality met where the proposed class asserted the same factual allegations of Defendant's conduct, the same legal claims against Defendant, and shared a common interest in proving the Defendant was liable. *Droste*, 2015 WL 1526432 at *6.

> [Named Plaintiff] has "alleged that [he] suffered the same type of injury as the other Class Members . . . and that Defendants' failure to comply with the WARN Act represents the single course of conduct that resulted in the injury to [him] and the Class Members." He has alleged that, on or around June 10, 2014, he was terminated from his employment at [Defendant] in Richmond, Virginia without proper notice and without being compensated as the WARN Act requires. He shares an alleged employer, alleged termination date, and an alleged lack of notice with all putative class members. Thus, there can be no argument that [Named Plaintiff's] claims are anything but typical of putative class members' WARN Act claims against Defendants. For the foregoing reasons, typicality is satisfied.

*Id.*

Here, the Named Plaintiffs and other members of the Proposed Class were all notified of their termination less than 60 days prior to being terminated (*See **Plaintiffs' Declarations,** **Exs. A-C***). Accordingly, they all suffered the same type of injury and there are no conflicts of interest between the Named Plaintiffs and the other members of the Proposed Class. Defendants' failure to comply with the requirements of the WARN Act represent a single course of conduct resulting in injury to all Class Members, including Named Plaintiffs. Thus, the factual situation of the Named Plaintiffs and the

10

legal theories upon which this action is grounded are not only typical of the entire Class, but are identical.

D. Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Courts have separated this inquiry into two prongs: (1) whether the plaintiffs have interests contrary to the class, and (2) the qualifications, ability and experience of plaintiffs' counsel." *In re Protected Vehicles, Inc.*, 397 B.R. at 345.

i. Named Plaintiffs' Interests are Aligned with the Proposed Class

"To adequately represent the class, the 'class representative must be part of the class and 'possess the same interest and suffer the same injury as the class members.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The adequacy requirement in Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* at 626.

In *Protected Vehicles*, a recent WARN Act case, the court recognized the adequacy of the representation of the named plaintiffs when no antagonistic interests appeared:

> The first element of Rule 23(a)(4) is met, in this case, because there is no divergence between the interests of the proposed class representatives and the interests of the class as a whole. On December 3, 2007, or shortly thereafter, the Plaintiffs and the unnamed members of the class were all notified of their termination. Both the Plaintiffs and unnamed class members claim to have not received adequate notice, or written notice, if at all, until on or after December 19, 2007.

*In re Protected Vehicles, Inc.*, 397 B.R. at 345.

11

Here, the adequacy element of Rule 23(a)(4) is met because there is no divergence between the interests of the proposed Class Representatives and the interests of the Class as a whole. On or about May 23, 2015, or shortly thereafter, the Named Plaintiffs and the unnamed Class Members were all notified of their termination. All Class Members, including Named Plaintiffs, claim to have not received adequate notice, or written notice, if at all, until on or after May 23, 2015 (*See **Plaintiffs' Declarations,** Exs. A-C*).

ii.  <u>Plaintiff's Counsel is Qualified, Experienced, and Able to Represent the Proposed Class</u>

"[T]he Court must find that counsel for the class is qualified, experienced, and generally able to conduct the proposed litigation." *In re Protected Vehicles, Inc.*, 397 B.R. at 345. "The adequacy of plaintiffs' counsel . . . is presumed in the absence of specific proof to the contrary." *Melton ex rel. Dutton v. Carolina Power & Light Co.*, 283 F.R.D. 280, 287 (D.S.C. 2012) (quoting *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 325, 330-31 (D.S.C. 1991)). As set forth in the Kornbluth Declaration, Proposed Class Counsel is qualified to represent the putative class in this action and has diligently prosecuted Named Plaintiffs' claims (***Kornbluth Declaration,** Ex. D*). There is no evidence that Named Plaintiffs' counsel lacks the skill, experience and resources to adequately represent the Class.

E.  <u>Proposed Class is Readily Identifiable</u>

"Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Production Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). "The plaintiffs need not be able to identify every class member at the

12

time of certification. But '[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."*Id.*

"The definition of the class is an essential prerequisite to maintaining a class action." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976); *see also Kirkman v. N.C. R. Co.*, 220 F.R.D. 49, 53 (M.D.N.C. 2004). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *EQT Production Co.*, 764 F.3d at 358.

In WARN Act cases, courts generally find the terminated employees to be an ascertainable class. In *Droste*, the court found:

> [t]he two classes would consist of individuals who were formerly employed at the [Defendant's] plant and store in Richmond, Virginia before they were terminated on either June 10, 2014 or June 23, 2014. Assuming that business records exist which contain the names of former employees, the members of the subclass are certainly ascertainable. Thus, the ascertainability requirement is satisfied.

*Droste*, 2015 WL 1526432, at *4.

Here, the class members are readily identifiable as former employees of Defendants, were terminated on the same day without cause, were entitled to 60 days' notice under the WARN Act, and were not provided 60 days' notice as required under the WARN Act. (Compl. ¶ 29). Most, if not all of these members, upon information and belief, still reside within a commuter's distance of the former Yadkin Valley Community Hospital and can be readily ascertained with minimal discovery. The prerequisites of Rule 23(a) for Class certification are therefore met in this action.

13

## II.    The Proposed Class Complies with the Requirements of Rule 23(b)(3).

The Proposed Class is justified under subsection (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

> [C]ertification under Rule 23(b)(3) is appropriate when all of the prerequisites of Rule 23(a) are satisfied and two other requirements are met. . . . Specifically, (1) common questions of law or fact must predominate over any questions affecting only individual class members; and (2) proceeding as a class must be superior to other available methods of litigation.

*EQT Production Co.*, 764 F.3d at 357.

### A. Common Questions of Fact and Law Predominate Among the Proposed Class

"Rule 23(b)(3)'s predominance requirement . . . tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004) (quoting *Amchem Prods., Inc.* 521 U.S. at 623-24). "In determining whether the predominance standard is met, courts focus on the issue of liability." *Nolan*, 2009 WL 2461008 at *5  (citations omitted); *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 796 (10th Cir. 1970) ("[W]here the question of basic liability can be established readily by common issues, then it is apparent that the case is appropriate for class action."); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) ("Common issues of facts and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.").

Predominate issues of common law or fact are regularly found in claims brought under the WARN Act. In *Nolan*, the court noted that:

14

> [W]ith respect to liability the common issues of fact and law are common. First, whether [Defendant] was subject to the requirements of the WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the defendants are legally liable for the alleged violation. With respect to liability, there are no issues that are not common. Accordingly, this Court finds that the common issues predominate over any individual issues.

*Nolan*, 2009 WL 2461008 at *5; *Droste*, 2015 WL 1526432 at *8 (finding WARN Act claims predominate). Although in a claim under the WARN Act, the damages of the proposed class will generally vary, the totality of common facts and law have been found to predominate over the individual damages inquiry. *See In re Mills Corp. Securities Litigation*, 257 F.R.D. 101, 109 (E.D.Va. 2009) ("[D]ifferences in damages among the potential class members do not generally defeat predominance if liability is common to the class.") (quoting *Morris v. Wachovia Sec., Inc.*, 223 F.R.D. 284, 299 (E.D. Va. 2004)). In *Droste*, the court noted "[w]hile it is clear that this case involves individualized differences in damages, it is also clear that Defendants' liability to class members is a common issue that can be resolved by an overarching inquiry into Defendants' behavior with respect to the . . . classes." *Droste*, 2015 WL 1526432 at *8.

In the case *sub judice*, the issue of liability is common among the Proposed Class and the predominance requirement is satisfied. Named Plaintiffs' Complaint alleges that Defendants were subject to the notice requirements of the WARN Act with respect to the Proposed Class (Compl. ¶ 29). Named Plaintiffs' Complaint alleges that the Proposed Class was terminated from their positions of employment with Defendants on or about the same date and without cause (Compl. ¶ 25). Named Plaintiffs' Complaint alleges that Defendants failed to give the valid notice required under the WARN Act to the Proposed

15

Class (Compl. ¶ 29). Named Plaintiffs' Complaint alleges that Defendants are legally liable for the failure to give valid notice to the Proposed Class (Compl. ¶ 29). Accordingly, the voluminous evidence of common issues of law and fact predominate over issues individual to any of the members of the Proposed Class.

B. Class Action is Superior to Other Available Methods of Adjudication of Plaintiffs' Claims under the WARN Act

Allowing the Proposed Class to proceed as a class is superior to other methods of adjudication. "A class action is the superior method of resolving a dispute where many of the claims are quite small, making individual lawsuits impracticable." *In re Protected Vehicles*, 397 B.R. at 345; *Foster*, 272 F.R.D. at 177 (finding the small amount of individual recovery made class action superior); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (noting that class action permits plaintiffs "to pool claims which would be uneconomical to litigate individually."). In the context of mass tort actions, class action is also considered superior where it "achieves economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Gunnells*, 348 F.3d at 424.

Class actions under the WARN Act have been routinely recognized as superior to other methods of adjudication in light of the small amount of damages for an individual plaintiff and the large number of plaintiffs. In *Droste*, the court found:

> The potential class members' claims are small when considered in comparison to the effort it would take to pursue them in court. . . . [T]he WARN Act allows for recovery of up to 60 days of back pay plus 60 days of benefits. In comparison, initiating a WARN Act action in federal court

> not only requires the plaintiff's time and effort . . . but also necessitates finding an attorney willing to take on such a low-paying case and requires a plaintiff to accept the possibility that they will be responsible for their legal bills.  In addition to ensuring a full and fair adjudication of all members' cases, the class action is a superior method in this instance for several practical reasons. First, it preserves judicial economy. There are over 100 potential class members in this case. To force each potential class member to bring and prove his or her case instead of consolidating these legal and factual questions in one case would be a waste of judicial resources and the individuals' time and money.

*Droste*, 2015 WL 1526432 at *9; *see also Nolan*, 2009 WL 2461008 at *6 (certifying class action under the WARN Act).

Proceeding with the action *sub judice* as a class action is the superior method of adjudication. As has been routinely found in cases brought under the WARN Act, the Named Plaintiffs and other members of the Proposed Class have individually small claims against Defendants, making individual litigation uneconomical. For example, Plaintiff Jenifer Swanner's claim amounts to only seven thousand, five hundred and eighty-four dollars ($7,584.00) (***Plaintiffs' Declarations***, **Ex. C**). Moreover, there are roughly one hundred and thirty (130) people, (***Plaintiffs' Declarations,*** **Exs. A-C**), that comprise the Proposed Class and forcing each person to litigate their case individually would waste judicial resources and the individuals' time and money. Accordingly, the Proposed Class is the superior method of adjudication of the existing claims under the WARN Act.

### III.    This Court Should Appoint the Undersigned as Class Counsel.

Fed. R. Civ. P. 23(g)(2) mandates that for the Court to appoint class counsel, such counsel must be adequate under Rules 23(g)(1) and (4). Rule 23(g)(1) requires the Court

17

to consider counsel's work on the claim, experience in handling similar claims, knowledge of the applicable law, and the resources that counsel will commit to representing the class when determining adequacy of counsel. Fed. R. Civ. P. 23(g)(1)(A). The undersigned has actively and diligently prosecuted this action; has extensive experience in state and federal employment law, as well as experience in litigating class actions; possesses substantial knowledge of the applicable law; and has already expended, and intends to continue to expend, significant attorney and paralegal time in addition to other resources in furtherance of the litigation.

Fed. R. Civ. P. 23(g)(4) requires that class counsel must fairly and adequately represent the interests of the class. As shown in the Kornbluth Declaration and described above, Named Plaintiffs' counsel will fairly and adequately represent the interests of the class (*See **Kornbluth Declaration,** **Ex. D**). As shown in the Kornbluth Declaration and described above, the counsel chosen by Named Plaintiffs is qualified and should be appointed as class counsel in this action.

## IV.   This Court Should Appoint Named Plaintiffs as Class Representatives.

Named Plaintiffs have been diligent in pursuing the class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members, and have and will fairly and adequately represent the interests of the Class (*See **Plaintiffs' Declarations,** **Exs. A-C**). Named Plaintiffs continue to be actively involved in prosecuting this case and will continue to do so on behalf of the class. For these reasons, Named Plaintiffs' counsel asks that Named Plaintiffs Carrie Hutson, Jeanna Simmons, and Jenifer Swanner be appointed Class Representatives.

18

## V.     The Form and Manner of Service of Notice is the Best Notice Practicable Under the Circumstances.

Named Plaintiffs further submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in Defendants' records is the best notice practicable under all the circumstances (***Notice of Class Action, Ex. E***).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that:

> "[t]he notice . . . concisely and clearly state . . . (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The contents of the Notice of Class Action are satisfactory "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out[.]'" *Domonoske v. Bank of America, N.A.*, 790 F.Supp.2d 466, 472 (W.D. Va., 2011) (*citing Philips Petroleum Co.*, 472 U.S. at 812). Individual mailings to the last known address of each member of the Proposed Class is appropriate. *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("[W]hen all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

19

Here, the contents of the proposed Notice of Class Action are sufficient. The Notice summarizes the nature of the pending WARN Act litigation and apprises the Proposed Class members, among other things, of all necessary information as required by the provisions of Rule 23(c)(2)(B) (*See **Notice of Class Action**, **Ex. E**).

The names and addresses of all the Proposed Class members are contained in Defendant's records. Once Named Plaintiffs have been provided with that information, Named Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the Proposed Class members so that they will have at least 30 days from the date of the mailing to object to Class certification and to out-out of the Class. This is the best practicable notice under the circumstances.

## CONCLUSION

For all the above reasons, Named Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs' Motion for Class Certification and Related Relief.

This the 11th day of January, 2016.

Taibi Kornbluth Law Group, P.A.

/s/ Michael A. Kornbluth
Michael A. Kornbluth
Attorney for Plaintiff
N.C. State Bar No. 27928
3100 Tower Blvd., Suite 800
Durham, NC 27707
Telephone: (919) 401-4100
Fax: (919) 401-4104

Zachary Law Offices

/s/ Lee Zachary
Lee Zachary
Attorney for Plaintiff
N.C. State Bar No. 6941
P.O. Box 1780
Yadkinville, NC 27055
Telephone: (336) 677-1777
Fax: (336) 677-1778

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has this date filed the foregoing ***Plaintiff's***

***Memorandum in Support of Motion to Certify Class*** with the Clerk of Court using the

CM/ECF system which will send notification of such filing to the following:

> John J. Doyle, Jr.
> Constangy, Brooks, Smith, Prophete, LLP
> 100 North Cherry Street, Ste. 300
> Winston-Salem, NC 27101

This the 11th day of January, 2016.

**Taibi Kornbluth Law Group, P.A.**

/s/ Michael A. Kornbluth
Michael A. Kornbluth
Attorney for Plaintiff
N.C. State Bar No. 27928
3100 Tower Blvd., Suite 800
Durham, NC 27707
Telephone: (919) 401-4100
Fax: (919) 401-4104

22