IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 15-cv-00742

| | |
|---|---|
| CARRIE HUTSON, JEANNA SIMMONS, JENIFER SWANNER, INDIVIDUALLY AND AS CLASS REPRESENTATIVES,<br><br>Plaintiffs,<br><br>v.<br><br>CAH ACQUISITION COMPANY 10, LLC d/b/a YADKIN VALLEY COMMUNITY HOSPITAL; HMC/CAH CONSOLIDATED, INC.; and RURAL COMMUNITY HOSPITALS OF AMERICA, LLC,<br><br>Defendants. | **DECLARATION OF MICHAEL A. KORNBLUTH IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF** |

Michael A. Kornbluth hereby declares the following under penalty of perjury:

1. I am a partner of Taibi Kornbluth Law Group, P.A., the law firm that represents Plaintiffs Carrie Hutson, Jeanna Simmons, and Jenifer Swanner ("Named Plaintiffs") in the above-captioned action, who are former employees of Defendants terminated without cause from their employment.

2. This declaration is submitted in support of Plaintiff's Motion for an order in furtherance of their claims under the Worker Adjustment Retraining and Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* (a) certifying a class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, comprising Named Plaintiffs and all persons employed by Defendants who worked at the Hospital located at 624 W. Main Street, Yadkinville, North Carolina who were terminated by Defendants without cause on or

1

about May 23, 2015, within 30 days of that date, or in anticipation of, or as the foreseeable consequence of, the mass layoffs and/or Hospital closing ordered by Defendants on or about that date, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), (b) appointing Taibi Kornbluth Law Group, P.A. and Zachary Law Offices as Class Counsel, (c) appointing Named Plaintiffs as the Class Representatives, (d) approving the form and manner of Notice to the WARN Act Class, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3. Defendants are in the business of operating healthcare facilities throughout the country.

4. Named Plaintiffs worked for Defendants at the Hospital located at 624 W. Main Street, Yadkinville, North Carolina (the "Hospital") until they were terminated on or about May 23, 2015.

5. Within 30 days of May 23, 2015, Defendants also terminated approximately 130 other similarly situated employees who fall within the proposed WARN Act Class definition.

## THE COMPLAINT

6. On September 10, 2015, Named Plaintiffs filed a Class Action Complaint against Defendants in this Court (the "Complaint").

7. The Complaint alleges a Rule 23(b)(3) class claim arising from Defendants' violation of the WARN Act (Compl. ¶ 7). The Complaint alleges that Defendants employed more than 100 employees who worked at least 5,200 hours per week; and that

Defendants effected a "mass layoff" that resulted in the loss of employment for all of the approximately 130 employees at the Hospital (Compl. ¶¶ 24, 32).

8. The Complaint further alleges that Named Plaintiffs and the other similarly situated former employees were terminated on or about May 23, 2015, were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff are "affected employees," as defined by 29 U.S.C. § 2101(a)(5), that these former employees did not receive from Defendants 60 days' advance written notice as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act (Compl. ¶¶ 21, 29).

9. The Complaint further alleges that the Proposed Class meets the requirements of Fed. R. Civ. P. 23(a) insofar as there are common questions of law and fact that are applicable to all members of the Proposed Class; that the Proposed Class is so numerous as to render joinder of all members impracticable; that Named Plaintiffs' claims are typical of the claims of the members of the Proposed Class; that Named Plaintiffs will fairly and adequately protect and represent the interests of the Proposed Class; that Named Plaintiffs have the time and the resources to prosecute this action (Compl. ¶¶ 30, 33-34). Furthermore, Named Plaintiffs have retained counsel who have extensive experience in matters involving employment law and litigating class actions in federal and state court.

10. The Complaint further alleges that the Proposed Class meets the requirements of Fed. R. Civ. P. 23(b)(3) insofar as there are questions of law and fact

3

common to the class members which predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant (Compl. ¶ 35).

11. On October 2, 2015, Defendants filed an Answer wherein they essentially denied all liability to Named Plaintiffs and other former employees. Defendants also asserted a number of affirmative defenses, which if proven at trial, would reduce or eliminate their obligation to pay damages to Named Plaintiffs and the other former employees. Among the affirmative defenses raised are that Named Plaintiffs' claims are barred by the exemptions and/or exceptions to the WARN Act (Eleventh Defense), and that the Complaint should not proceed as a class action (Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Defenses).

## THE PROPOSED CLASS

12. The Proposed Class consists of Named Plaintiffs and approximately 130 other former employees of Defendants who were terminated without cause within 30 days of May 23, 2015, as part of, in anticipation of, or as the reasonably foreseeable consequence of the mass layoff on or about that date, and who have not filed a timely request to opt-out of the class.

13. As is more fully discussed in the accompanying brief, the Proposed Class satisfied all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification:

4

the Proposed Class is numerous; questions of law and fact are common to all members of the class; the Named Plaintiffs' claims are typical of the claims of the Class; the Named Plaintiffs and proposed class counsel will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABLILITY OF THE NAMED PLAINTIFFS TO ACT AS CLASS REPRESENTATIVES

14. As shown by the accompanying Declarations of Carrie Hutson, Jeanna Simmons, and Jenifer Swanner (attached to Plaintiffs' Motion for Class Certification as **Exhibits A-C**), Named Plaintiffs were employed by Defendant and were terminated without cause on or about May 23, 2015. Named Plaintiffs have no conflict of interest with other class members and have and will continue to diligently prosecute this action and represent the interests of the Proposed Class.

## THE DILIGENT PROSECUTION OF THE ACTION

15. Named Plaintiffs, both through counsel and otherwise, have diligently prosecuted this action. Following their retention, proposed class counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claims of Named Plaintiffs and the other employees terminated by Defendants. Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint asserting class claims under the WARN Act. Named Plaintiffs' counsel participated in the Rule 26 conference, drafted and served discovery requests on

Defendants, prepared and served initial Rule 26 disclosures, and is currently working with Named Plaintiffs to answer discovery requests recently served by Defendants. Named Plaintiffs' counsel have also prepared and filed the instant motion. Named Plaintiffs'counsel have actively litigated this case and will continue to do so.

## THE SUITABILITY OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

Taibi Kornbluth Law Group, P.A.

### Michael Kornbluth

16. Michael Kornbluth is a partner at Taibi Kornbluth Law Group, P.A., a civil litigation law firm based in Durham, North Carolina that has over forty-five (45) years combined experience in the legal profession. Mr. Kornbluth represents employees in actions based in federal and state law, including, *inter alia*, the North Carolina Wage & Hour Act, Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disability Act of 1991. Mr. Kornbluth graduated with honors from George Washington School of Law, was admitted to the North Carolina Bar in 2001, and has served as a Chair of the Employment Law Section of the North Carolina Advocates for Justice, as well as counsel on the Labor & Employment Section of the North Carolina Bar Association.

### Anthony Taibi

17. Anthony Taibi is a partner at Taibi Kornbluth Law Group, P.A. and focuses his practice on civil litigation. Mr. Taibi has litigated class actions in state and federal court and is a member of the Multi-Million Dollar Advocates Forum. Mr. Taibi graduated with highest honors, first in his class, from Duke University School of Law in Durham,

6

Case 1:15-cv-00742-WO-JLW   Document 17-4   Filed 01/11/16   Page 6 of 8

North Carolina. There, Mr. Taibi served as an Article Editor for the Duke Law Journal and afterwards went on to clerk for Judge Francis D. Murnaghan, Jr. in the United States Court of Appeals for the Fourth Circuit.

Zachary Law Offices

Lee Zachary

18. Lee Zachary has been a member of the North Carolina State Bar since 1975. He is a member of the North Carolina House of Representatives representing areas including Yadkin County and maintains strong relationships with the local community in which the Proposed Class resides.

## THE FORM AND MANNER OF NOTICE TO THE CLASS

19. As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprises the Class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to out-out, namely, that they will be bound by the outcome of the litigation (*See* **Ex. E** to Plaintiffs' Motion for Class Certification).

20. The Motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in the records of Defendants. As discussed in the accompanying brief, service in this manner is proper.

## CONCLUSION

21. In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declarations of the Named Plaintiffs in support of the motion, this Court should enter the Proposed Order (*See* **Ex. F** to Plaintiffs' Motion for Class

7

Case 1:15-cv-00742-WO-JLW Document 17-4 Filed 01/11/16 Page 7 of 8

Certification) (a) certifying a Class of all persons employed by Defendants who were terminated by Defendant without cause on or about May 23, 2015, within 30 days of May 23, 2015, or in anticipation of, or as the foreseeable consequence of, the mass layoff ordered by Defendants on or about May 23, 2015, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and who have not filed a timely request to opt-out of the class, (b) appointing Taibi Kornbluth Law Group, P.A. and Zachary Law Offices as Class Counsel, (c) appointing Named Plaintiffs Carrie Hutson, Jeanna Simmons, and Jenifer Swanner as Class Representatives, (d) approving the form and manner of Notice to the WARN Class, and (e) granting such other and further relief as this court may deem proper.

This the 11th day of January, 2016.

_____
Michael A. Kornbluth