IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 15-cv-00742

| | |
|---|---|
| CARRIE HUTSON, JEANNA SIMMONS, JENIFER SWANNER, INDIVIDUALLY AND AS CLASS REPRESENTATIVES, <br><br>Plaintiffs, <br><br>v. <br><br>CAH ACQUISITION COMPANY 10, LLC d/b/a YADKIN VALLEY COMMUNITY HOSPITAL; HMC/CAH CONSOLIDATED, INC.; and RURAL COMMUNITY HOSPITALS OF AMERICA, LLC, <br><br>Defendants. | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CERTIFY CLASS** |

Plaintiffs Carrie Hutson, Jeanna Simmons, and Jenifer Swanner ("Named Plaintiffs") submit this Reply Brief to address issues raised in Defendants' Response ("Response") to Plaintiffs' Memorandum of Law in Support of their Motion to Certify Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Named Plaintiffs have alleged two primary theories against Defendants under the WARN Act. First, Named Plaintiffs have alleged that Defendants are liable under the WARN Act by failing to provide Named Plaintiffs and members of the Class with adequate notice with respect to their May 22, 2015 termination. (*See* **Compl. ¶ 27**, *Plaintiffs' Declarations,* **Exs. A-C, ¶ 7**). Named Plaintiffs' secondly argue that the February 27, 2015 WARN Notice (the "Notice") issued by Defendants was inadequate for numerous reasons, including the fact that the Notice referred to a different termination date, different reason for termination of the Class, and that Defendants instructed the members of the Class to disregard the Notice. (*See Plaintiffs' Declarations,* **Exs. A-C, ¶ 7**).

1

**ARGUMENT**

Defendants wrongly argue that Named Plaintiffs' allegations that Defendants invalidated the February 27, 2015 Notice by telling its employees to disregard the same involves an individualized inquiry into Defendants' liability, and, as a result, that Named Plaintiffs fail the typicality and adequacy of representation requirements under Rule 23(a)(3) and (a)(4) of the Federal Rules of Civil Procedure as well as the predominance requirement of Rule 23(b)(3). (***Defendants' Response,*** **P. 6**). Defendants' argument fails for the following reasons: (1) Named Plaintiffs have claims typical of the Class and will adequately represent the same; and (2) common issues of law and fact predominate among the Class.

### I. Named Plaintiffs' Claims Are Typical of the Proposed Class And Named Plaintiffs Will Adequately Represent the Same

Defendants argue in their Response that "because the issue of notice in this case will have to be determined on a plaintiff-specific basis," Named Plaintiffs are not typical or adequate class representatives, (***Defendants' Response,*** **P. 8**), and fail Rules 23(a)(3) and (a)(4) of the Federal Rules of Civil Procedure. Defendants' argument fails for two key reasons: (1) Minor factual distinctions within a class do not preclude a finding of typicality or adequacy of representation; and (2) Defendants' reliance on *Presser v. Key Food Stores* is misplaced because the case is distinguishable on its facts.

    1. <u>Minor Factual Distinctions Do Not Preclude Typicality or Adequacy of Representation</u>

Class actions must meet the typicality and adequacy of representation requirements of Rule 23(a)(3) and (a)(4) of the Federal Rules of Civil Procedure. Typicality and adequacy of representation "tend[ ] to merge" into a very similar inquiry. *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466-67 (4th Cir. 2006). "[A] plaintiff whose claim is typical of the proposed class can be

assumed to be a fair representative of the class's interests." *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 298 (S.D. Ind. 2013). "Typicality is satisfied if the putative class's claims arise from the same "event or course of conduct" and are "based on the same legal theory" as the plaintiff's." *In re Protected Vehicles, Inc.*, 397 B.R. 339, 344 (D.S.C. Bankr. 2008) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 149 F.R.D. 94, 99 (M.D.N.C. 1993)). The similar inquiry of adequacy of representation requires that the "'class representative must be part of the class and 'possess the same interest and suffer the same injury as the class members.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *Nolan v. Reliant Equity Investors, LLC*, 2009 WL 2461008, *4 (noting adequacy of representation turns on "whether the representative's claims are sufficiently interrelated to and not antagonistic with the class's claims . . .").

WARN Act class representatives have been repeatedly found to have typical claims and adequately represent the class even when minor factual variation exists between members of the class. *See*, *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (finding typicality requirements usually met irrespective of minor variations in the fact patterns underlying individual claims); *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 92 (D. Conn. 2004) ("The . . . typicality requirements are fairly easily met in an action brought under the WARN Act."). For example, in *Ramcharan v. A.F.L. Qualify, Inc.*, 2014 WL 4388579, *6 (D.N.J. 2014) the court found typicality and adequacy met under the WARN Act even when the class was comprised of employees who worked at different facilities. Similarly, the defendants in *In re Connaught Group, Ltd.*, 491 B.R. 88, 95 (S.D.N.Y. Bankr. 2013) objected to certification of a class that "include[d] former employees who were fired both pre-[bankruptcy] petition and post-petition and enjoy different priorities under the Bankruptcy Code." There, the court noted that

3

the two groups had the same rights to distribution and could therefore be adequately represented as a singular class. *Id.* In *Applegate v. Formed Fiber Technologies, LLC*, 2012 WL 3065542 (D. Me. 2012), a WARN Act class representative was found to have met the typicality and adequacy threshold even when the class consisted of a group of workers, a portion of whom were briefly recalled to work before being laid off again. *Id* at *6. In *Applegate*, the court rejected the defendants' arguments that the class representative was atypical and could not adequately represent the interests of the workers who were briefly recalled to work, noting:

> The claims of the proposed class are based on the same legal theory – that [Defendant] violated their rights under the WARN Act by failing to provide notice . . . Moreover, plaintiffs' alleged injuries arise from the same events—namely, the alleged mass layoffs at [Defendant's] Auburn plant . . . The fact that some employees were briefly recalled to work in January 2009 does not defeat typicality. The difference between [Plaintiff] and the briefly recalled workers only affects the amount of damages; it does not change the fact that underlying legal claim and the course of conduct giving rise to that claim are the same. . . .

*Id.* at *6. Regarding adequacy of representation, the *Applegate* court went on to find adequacy of representation also met because:

> [N]o divergence exists between the interests of [Plaintiff] and the interests of the class as a whole. As discussed above, the fact that other class members held different positions, were terminated at different times, and may have been recalled to work for a brief stint in January 2009 does not change the basic fact that the interests of [Plaintiff] are directly in line with the interests of other class members.

*Id.* at *7.

Named Plaintiffs' claims are clearly typical of that of the Class and they will adequately represent the same. Named Plaintiffs seek to prove the same legal theory as the members of the Class and their injuries arise from the same events (*i.e.*, termination without 60 days notice). (*See* **Plaintiffs' Declarations, Exs. A-C**). There are no conflicting or antagonistic interests between Named Plaintiffs and members of the Class. Named Plaintiffs have the same interests in proving Defendants' liability. The factual variations between the members of the Class are no more

4

significant than that found in *Applegate*, *Connaught Group*, and *Ramcharan*, where the WARN Act classes were certified. Therefore, Named Plaintiffs meet the requirements of Rules 23(a)(3) and (a)(4) of the Federal Rules of Civil Procedure.

      a.   <u>*Presser v. Key Food Stores* is Inapplicable to the Instant Action</u>

Defendants submit *Presser v. Key Food Stores Co-op, Inc.*, No. 01-CV-8059 (E.D.N.Y., July 25, 2006) exclusively as support for their proposition that Named Plaintiffs' claims are atypical and that they cannot adequately represent the class. *Presser* involved actions under federal and New York discrimination statutes as well as a class action under the WARN Act. *Id*. at *1. There, the plaintiff sought, *inter alia*, certification of a single subclass consisting of claimants who asserted five different categories of factual allegations that each claimed resulted in WARN Act liability on the part of the defendant. The subclass in *Presser* consisted of union and non-union employees who "were not offered, who did not sign, who refused to sign, who signed then revoked or who refused to complete the signing of the two versions of multi-part releases" of claims under the WARN Act. *Id*. at *13. The court recognized this smorgasbord of disparate factual claims, stating, "the proposed subclass as defined lacks any typicality in the composition of its members' claims. It combines employees who refused to sign releases with those who signed allegedly incomplete releases with those who signed complete releases but then attempted to revoke them." *Id*. at *14.

*Presser* is clearly distinguishable from the case at bar. Named Plaintiffs' claims are not nearly so factually complex and varied. Named Plaintiffs have alleged that they were terminated on May 22, 2015, were entitled to receive and did not receive and advanced 60 days written notice, and to the extent that Defendants claim their liability is mitigated by an earlier notice issued by Defendants to the members of the Class on February 27, 2015, such argument is

unavailing because, *inter alia*, Defendants communicated to the members of the Class to disregard the same. (*See* **Compl. ¶ 26-27**, *Plaintiffs' Declarations,* **Exs. A-C, ¶ 7**). Therefore, cases like *Applegate*, which have far more varying facts than the case at bar, are still more applicable than *Presser*.

### II. Common Questions of Fact and Law Predominate Among the Proposed Class

Defendants also argue that Named Plaintiffs' theory that Defendants invalidated their own February 27, 2015 WARN Notice by subsequently telling their employees to disregard the same, causes Named Plaintiffs' proposed Class to fail the "predominance" inquiry of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Defendants stated, "Plaintiffs' statements in paragraph 7 of their Declarations do not categorically apply to *all* Hospital employees, but rather "department heads" and "other [not all] similarly situated former employees" who were allegedly told to disregard the February 27, 2015 Notice." (***Defendants' Response,* P. 7).** Defendants' argument fails because (1) the common issues of law and fact in the instant action predominate, particularly in the theory of liability; and (2) the legal support *Thorn v. Jefferson-Pilot Life Ins. Co.*, is factually distinguishable.

    1.    Common Issues of Law and Fact Predominate in the Instant Action

"In determining whether the predominance standard is met, courts focus on the issue of liability." *Nolan v. Reliant Equity Investors, LLC*, 2009 WL 2461008, *5 (N.D. W.Va. 2009) (citations omitted); *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 796 (10th Cir. 1970) ("[W]here the question of basic liability can be established readily by common issues, then it is apparent that the case is appropriate for class action."); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) ("Common issues of facts and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's

6

entitlement to injunctive and monetary relief."). Predominate issues of common law or fact are regularly found in claims brought under the WARN Act. In *Nolan*, the court noted that:

> [W]ith respect to liability the common issues of fact and law are common. First, whether [Defendant] was subject to the requirements of the WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the defendants are legally liable for the alleged violation. With respect to liability, there are no issues that are not common. Accordingly, this Court finds that the common issues predominate over any individual issues.

*Nolan*, 2009 WL at 5; *Droste v. Vert Capital Corp.*, 2015 WL 1526432, *8 (finding WARN Act claims predominate). In *Droste*, a Fourth Circuit WARN Act case, the court noted "[w]hile it is clear that this case involves individualized differences . . . it is also clear that *Defendants' liability to class members is a common issue* that can be resolved by an overarching inquiry into Defendants' behavior with respect to the . . . classes." *Id.* (emphasis added).

Here, Named Plaintiffs and members of the proposed Class share an overwhelming degree of common issues of law and fact that clearly predominate over issues unique to any particular claim. The Class all seek recovery exclusively under the WARN Act for the same operative facts resulting in their termination on or about May 22, 2015. Namely, that they were all employees of Defendants, terminated without cause, and did not receive a valid, sixty days notice prior to their termination. (*See* **Compl. ¶ 27**, *Plaintiffs' Declarations,* **Exs. A-C, ¶ 7**). Most importantly, just as in *Nolan* and *Droste*, the issue of liability on the part of Defendants is common among the Class and can be most efficiently resolved by class litigation.

2. *Thorn v. Jefferson-Pilot Life Ins. Co.* is Inapplicable to the Instant Action

Defendants cite to *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311 (4th Cir. 2006) to support their proposition that factual distinctions between members of a class can cause the class to fail to meet the predominance requirement of Rule 23(b)(3). Contrary to Defendants'

7

arguments, the extreme factual scenario in *Thorn* is plainly distinguishable from the case *sub judice*.

*Thorn* was a consumer rights action brought against a life insurance company under federal discrimination statutes, where the plaintiff alleged in a class action complaint that the insurance company defendant had engaged in a discriminatory dual-rate structure that charged African-Americans higher premiums over the course of sixty-two years. *Id.* at 318. The court noted that the "claims at issue . . . relate[d] to policies issued as early as 1911 and, at the latest, in 1973." *Id.* at 317. The defendant argued that certification was improper under Rule 23(b)(3) due to the applicability of defendant's defense of the statute of limitations, "because individual members of the class could have been exposed to sufficient information to give them either actual or constructive knowledge of the dual-rate practices outside of the limitations period." *Id.* at 316. The court noted "[t]he initial (and possibly only) actionable discrimination, would, therefore, have occurred no later than the date of issuance of the policy, in other words, from twenty-seven to eighty-nine years before suit was instituted. *This very significant period of time* raised critical questions as to when the claim accrued." *Id.* (emphasis added).

Defendants' reliance on *Thorn* is misplaced. *Thorn* was not a WARN Act case and involved an instance where the facts existing among the plaintiff and proposed class were extremely disparate, requiring an individualized inquiry into when each plaintiff knew of their respective claim against the defendant *over a period of sixty-two years*. Here, Named Plaintiffs have alleged that Defendants' instructions to disregard the February 27, 2015 Notice were communicated to its employees prior to their termination. Accordingly, the temporal expanse between a Class member's receipt of WARN Notice invalidation and the May 22, 2015 termination is at most 83 days. However, it is not important *when* the invalidation was received, but rather that the

8

common issue of liability is identical among the members of the Class. That liability is established by showing that with respect to the terminations without cause on May 22, 2015, Named Plaintiffs and members of the Class did not receive the 60 days advance notice required under the WARN Act. Therefore, decisions such as *Droste* and *Nolan* are far more applicable to the instant action than *Thorn*, and demonstrate the suitability of this case for class litigation.

## CONCLUSION

For all the above reasons, Named Plaintiffs respectfully request that this Court enter the Proposed Order attached in Plaintiffs' Motion for Class Certification and Related Relief and grant certification of the Class.

This the 11th day of March, 2016.

    Taibi Kornbluth Law Group, P.A.

    /s/ Michael A. Kornbluth
    Michael A. Kornbluth
    Attorney for Plaintiff
    N.C. State Bar No. 27928
    3100 Tower Blvd., Suite 800
    Durham, NC 27707
    Telephone: (919) 401-4100
    Fax: (919) 401-4104

    Zachary Law Offices

    /s/ Lee Zachary

    Lee Zachary
    Attorney for Plaintiff
    N.C. State Bar No. 6941
    P.O. Box 1780
    Yadkinville, NC 27055
    Telephone: (336) 677-1777
    Fax: (336) 677-1778

9

Case 1:15-cv-00742-WO-JLW   Document 23   Filed 03/11/16   Page 9 of 9