IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARRIE HUTSON, JEANNA SIMMONS,   )
and JENIFER SWANNER,             )
individually and as Class        )
Representatives,                 )
                                 )
            Plaintiffs,          )
                                 )
    v.                           )         1:15CV742
                                 )
CAH ACQUISITION COMPANY 10,      )
LLC, d/b/a YADKIN VALLEY         )
COMMUNITY HOSPITAL, HMC/CAH      )
CONSOLIDATED, INC., and          )
RURAL COMMUNITY HOSPITALS OF     )
AMERICA, LLC,                    )
                                 )
            Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Certify Class filed by Plaintiffs Carrie Hutson, Jeanna Simmons, Jennifer Swanner, (collectively "Named Plaintiffs"), both individually and as class representatives. (Doc. 16.) Defendants CAH Acquisition Company 10, LLC, d/b/a Yadkin Valley Community Hospital, HMC/CAH Consolidated Inc., and Rural Community Hospitals of America, LLC (collectively "Defendants"), have responded (Doc. 21), and Named Plaintiffs have replied. (Doc. 23.) This issue is now ripe for resolution and for the reasons stated herein, Named Plaintiffs' motion will be granted.

## I. BACKGROUND

Named Plaintiffs and the members of the class they now seek to certify are former employees of Yadkin Valley Community Hospital ("the Hospital"), which was operated by Defendants. (Complaint ("Compl.") (Doc. 1) ¶ 7.) On February 27, 2015, Defendants issued a notice to the employees of the Hospital that the Hospital would close, and all employees terminated, on April 30, 2015. (Id. ¶ 17.) The decision to close the Hospital was apparently due to Yadkin County's unwillingness to renew the Hospital's lease agreement on terms acceptable to Defendants. (Defs.' Response Br. in Opp'n to Pls.' Motion to Certify Class ("Defs.' Resp."), Ex. 1, Aff. of Shawn Bright ("Bright Aff.") (Doc. 21-1) ¶ 3.) However, Defendants did not close the Hospital or terminate its employees on April 30, instead agreeing to a lease extension with the County of Yadkin until July 31, 2015, in order to attempt to negotiate a long-term extension. (Compl. (Doc. 1) ¶¶ 18-20.) Defendants were apparently unable to come to a long-term agreement with Yadkin County, and Plaintiffs allege that on May 21, 2015, Defendants "notified some of its employees that their final day of employment would be May 23, 2015," delivered Human Resources paperwork to those employees, and closed the Hospital on May 22. (Compl. (Doc. 1) ¶¶ 21-24.)

Named Plaintiffs filed the instant action, and now seek certification of class consisting of the terminated employees of the Hospital.

**II. ANALYSIS**

Rule 23 of the Federal Rules of Civil Procedure governs the standards that must be met for class certification. Fed. R. Civ. P. 23. Certification of a class pursuant to Rule 23 involves a two-step analysis. First, Rule 23(a) sets out preliminary requirements, stating that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members" only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

These preliminary requirements are referred to as numerosity, commonality, typicality, and adequacy. The second, third, and fourth requirements are interrelated, with "commonality and typicality serving as guideposts for

- 3 -

determining whether . . . maintenance of a class action is economical and whether the [claims] are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir. 2009) (internal quotations and citations omitted).

If the prerequisites are met, the moving party must show that the action is maintainable under at least one of the three categories set forth in Rule 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). Plaintiffs seek certification under Rule 23(b)(3), which sets forth that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The requirements for commonality under Rule 23(b)(3) are more stringent than that of Rule 23(a), and supersedes the more lenient rule. See Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 n.4 (4th Cir. 2001).

It is the plaintiff's burden to establish that the Rule 23 requirements have been met. In re A.H. Robins Co., 880 F.2d 709, 728 (4th Cir. 1989). However, in the Fourth Circuit, Rule 23 is given "a liberal rather than a restrictive construction,

adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 424 (4th Cir. 2003) (internal quotations omitted).

**A.  The Proposed Class is Sufficiently Numerous**

Rule 23(a) contemplates the certification of a class where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). There is no "mechanical test" for determining whether the requirement of numerosity has been satisfied. Adams v. Henderson, 197 F.R.D. 162, 170 (D. Md. 2000). Rather, there are a number of factors to be considered in determining whether joinder is impracticable, including "the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." Id. (internal quotation marks and citations omitted).

Here, Named Plaintiffs contend that the proposed class numbers "at or around 130 members," a size that they contend makes joinder impracticable. (Pls.' Mem. of Law in Supp. of Mot. to Certify Class ("Pls.' Br.") (Doc. 17) at 7.) "A class of 41 or more is usually sufficiently numerous." 5 Moore's Federal

Practice ¶ 23.22 (Matthew Bender 3d Ed.); see also Cypress v. Newport News Gen. and Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (finding that a class of 18 was sufficiently numerous); Ganesh, L.L.C. v. Computer Learning Ctrs., Inc., 183 F.R.D. 487, 489 (E.D. Va. 1998) ("As few as forty [class members] can suffice in an appropriate case"); Newberg on Class Actions § 3:11 (6th Ed.2014) ("[J]oinder is generally deemed practicable in classes with fewer than 20 members and impracticable in classes with more than 40 members."). Defendants do not appear to contest that the numerosity requirement is met, and this court finds that the proposed class satisfies the numerosity requirement.

   B.   **There are Questions of Law and Fact Common to the Class**

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-50 (2011) (internal quotation marks and citation omitted). "[O]nly those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998) (internal quotation marks and citation omitted). "What matters to class certification . . . is not the raising of common questions . . .

but, rather the capacity of a classwide proceeding to generate common <u>answers</u> apt to drive the resolution of the litigation." <u>Wal-Mart</u>, 564 U.S. at 350 (internal quotation marks and citation omitted). However, Rule 23(a)(2) "does not require that all, or even most issues be common." <u>Cent. Wesleyan Coll. v. W.R. Grace & Co.</u>, 143 F.R.D. 628, 636 (D.S.C. 1992); <u>Bussian v. DaimlerChrysler Corp.</u>, No. 1:04CV00387, 2007 WL 1752059, at *5 (M.D.N.C. June 18, 2007) (explaining that the test for commonality "is not demanding, and is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members").

In the instant case, the members of the proposed class share a single, identical cause of action under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 <u>et seq</u>. The Complaint alleges that all members of the Proposed Class are former employees of Defendants who were terminated on the same day without cause, were entitled to proper notice under the WARN Act, and did not receive the required notice. (Compl. (Doc. 1) ¶ 29.)

Defendants contend here that, although WARN Act claims are typically amenable to class action resolution, class certification is not appropriate because there are factual

issues that must be resolved as to each plaintiff individually. (Defs.' Resp.") (Doc. 21) at 7.) Specifically, Defendants take issue with an allegation common to the declarations submitted by Named Plaintiffs that "department heads" and "other similarly situated former employees" were told to disregard the February 27, 2015 WARN Notice. (<u>See, e.g.</u>, Pls.' Br., Ex. A, Decl. of Carrie Hutson ("Hutson Decl.") (Doc. 17-1) ¶ 7.)[1]

Defendants dispute that this instruction to disregard the notice actually occurred, but argue that the issue of what exactly was communicated to each employee regarding the February 27 Notice, and what information they were given about the Hospital's status cannot be determined on a class-wide basis, and that the proposed class thus does not satisfy the commonality requirement because individual questions about

---

[1] Defendants also contend that, at the very least, certification of the class should be delayed until after discovery because: (1) Plaintiffs' admissions that certain employees were involved in post-WARN notice conversations; (2) employees were kept apprised of the Hospital's status in several ways; and (3) as demonstrated by the email sent by Plaintiff Simmons, at least some Plaintiffs had knowledge of the impending closure of the hospital. (<u>See</u> Defs.' Resp. (Doc. 21) at 10.) As set out in more detail this Memorandum Opinion and Order, because such facts are immaterial to the central question of whether a timely and adequate WARN notice was given, they do not convince this court that delay is necessary for resolution.
- 8 -

notice will necessarily dominate. (Defs.' Resp. (Doc. 21) at 7-8.)

This court notes that resolution of this issue will require an inquiry that at least partially touches the merits of Plaintiffs' claims, i.e., what constitutes proper notice under the WARN Act and whether it occurred. The Supreme Court has recognized that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and that "[f]requently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim." Wal-Mart, 564 U.S. at 350-51 (internal citations and quotation marks omitted).

Under the WARN Act, employers are required to give written notice of at least 60 days to employees before any plant closing or mass layoff. 29 U.S.C. § 2102. According to the Complaint, Defendants gave written notice that the Hospital would close and employees would be terminated on February 27, 2015, more than 60 days before the stated termination date of April 30, 2015, as required by the statute. (Compl. (Doc. 1) ¶ 17.)

However, the Complaint alleges, and Defendants admit, that the Hospital did not close on April 30, 2015, and employees were not terminated on that date. (Id. ¶¶ 18-19.) Under the

implementing regulations of the WARN Act, while the scheduled date of termination announced in a WARN notification can be postponed, additional notice must be given if a postponement occurs. See 20 C.F.R. § 639.10. The regulations require that:

> (a) If the postponement is for less than 60 days, the additional notice should be given as soon as possible to the parties identified in § 639.6 and should include reference to the earlier notice, the date (or 14-day period) to which the planned action is postponed, and the reasons for the postponement. The notice should be given in a manner which will provide the information to all affected employees.
>
> (b) If the postponement is for 60 days or more, the additional notice should be treated as new notice subject to the provisions of §§ 639.5, 639.6 and 639.7 of this part. Rolling notice, in the sense of routine periodic notice, given whether or not a plant closing or mass layoff is impending, and with the intent to evade the purpose of the Act rather than give specific notice as required by WARN, is not acceptable.

20 C.F.R. § 639.10.

As such, whether or not certain individuals were told to disregard the notice provided on February 27, 2015, is irrelevant to this court's inquiry, because that notice ceased be valid when the termination date it specified passed with no termination. As detailed above, a new, full WARN Act notification must be given if the delay is for more than 60 days, and regardless of the length of postponement, any new notice is required to contain specific information including,

most relevantly here, the new termination date. Any oral communications by Defendants to some or all of their employees, no matter how well intentioned, are immaterial to whether proper WARN Act notice was given, because none of those communications contained the required specification of the new date that the Hospital would close, apparently because that date had not yet been determined. It appears to this court that the only notice given by Defendants that contained this information was issued on May 21, 2015. (Compl. (Doc. 1) ¶ 21.) As such, whether this notice was timely and sufficient under the WARN Act, or whether notice was in effect given at all, are questions of law and fact common to the class, and the commonality requirement is met.

**C.    Named Plaintiffs' Claims are Typical of the Class**

As noted above, the typicality requirement of Rule 23(a)(3) overlaps with the commonality requirement of Rule 23(a)(2). However, the typicality requirement focuses on the named plaintiff's claim, rather than the class claims as a whole. Tatum v. R.J. Reynolds Tobacco Co., 254 F.R.D. 59, 64 (M.D.N.C. 2008). This requirement is satisfied when the claims asserted by the named plaintiffs "arise out of the same course of conduct and are based on the same legal theories as the claims of the

unnamed class members." Id. (quoting Rodger v. Elec. Data Sys. Corp., 160 F.R.D. 532, 538 (E.D.N.C. 1995)).

Relatedly to their arguments on commonality, Defendants contend that Named Plaintiffs are not typical of the class because issues of notice will have to be determined on an individual basis. (Defs.' Resp. (Doc. 21) at 8.)  This argument fails for the same reasons as set out above.[2] Contrary to Defendants' position, Named Plaintiffs' single claim is identical to that of the class: they claim that Defendants

---

[2] Defendants' reliance on an email sent by Named Plaintiff Simmons is illustrative of why written notice containing specific information is required under the WARN Act. Defendants argue that "[i]t certainly cannot be said that Simmons is in the same situation as the purported class when she is emailing Bright to dissuade him from providing the very notice that she now claims she never received." (Defs.' Resp. (Doc. 21) at 9.) In the email at issue, Simmons asks Bright whether placing signs regarding keeping the Hospital open in front of the Hospital would negatively affect morale, and may serve as a visual reminder that employees "may" lose their jobs, and is told by Bright that the Hospital is losing money quickly and does not have a few weeks to spare. (Bright Aff., Ex. 1 (Doc. 21-1) ¶ 7; id. at 6.) At this point, Simmons clearly does not think that the Hospital's closure is a foregone conclusion, much less is aware of a specific closing date. As such, she had clearly not received sufficient notice by virtue of any oral communications as of May 12, 2015, and a response that the Hospital was losing money and did not have "a few weeks" to spare did nothing to cure that status. Named Plaintiff Simmons, like the other employees of the Hospital, was simply aware that the Hospital was in trouble, and that closure was possible, and perhaps likely. That is not enough under the WARN Act.

violated the WARN Act by failing to provide sufficient written notice of termination.

Their claims arise out of the exact same conduct, and rest on the exact same legal theories as those of the proposed class. As such, this court finds that Named Plaintiffs' claims are typical of those in the class as a whole.

**D. <u>Named Plaintiffs will Adequately Represent the Class</u>**

Finally, the Named Plaintiffs must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement examines possible conflicts of interest between the named plaintiffs and the proposed class, as well as the competency and conflicts of class counsel. <u>Tatum</u>, 254 F.R.D. at 67. In order to adequately represent the class, the named plaintiffs must be a part of the class, possess the same interest as the class, and suffer the same injury as the class members. <u>Amchem</u>, 521 U.S. at 625-26. Here, there is no difference in interest between Named Plaintiffs and the proposed class: the termination date is the same across the class, the notice at issue for purposes of the WARN Act is identical, and Named Plaintiffs seek the same redress as the rest of the class,

as provided by the WARN Act. As such, this court finds that Named Plaintiffs will adequately represent the class.

This court must also find that class counsel will be adequate, meaning that counsel is "qualified, experienced, and generally able to conduct the proposed litigation." In re Protected Vehicles, Inc., 397 B.R. 339, 345 (Bankr. D.S.C. 2008). Adequacy of counsel is generally "presumed in the absence of specific proof to the contrary." Melton ex rel. Dutton v. Carolina Power & Light Co., 283 F.R.D. 280, 287 (D.S.C. 2012). Here, there is no proof that counsel is not qualified, experienced, or able to conduct the litigation. As such, this court will presume counsel is adequate.

**E.    The Class Satisfies the Requirements of Rule 23(b)(3)**

Finally, the proposed class must also be justified under one of the three criteria laid out in Rule 23(b). Here, Named Plaintiffs propose to certify under Rule 23(b)(3), which requires that the court find first that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and second that a class action is superior to any other available method for fairly and efficiently litigating the action. Gariety v. Grant Thornton, LLP, 368 F.3d 356, 362 (4th Cir. 2004). These two

requirements are commonly known as predominance and superiority. Predominance requires that "[common] questions of law or fact . . . predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. Superiority requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The relevant legal and factual issues in this case are essentially identical across the class. As noted above, because of the specific information required to be contained in WARN Act notices, any information about the status of the Hospital conveyed in an informal manner to individual members of the class will not affect the class claim under the WARN Act, because the decision as to the specific termination date and closing of the Hospital was not communicated until May 21, 2015. Here, claims common to the class clearly predominate over individual claims, indeed, the legal issues and facts are identical across the class.

This court also finds that a class action is superior to other methods of adjudicating the case. This is not a case that

involves multiple claims and issues, or conflicting bodies of law. Establishing liability under the WARN Act in this case will turn on fairly straightforward issues common to the entire class, including whether Defendants are "employer[s]" under the Act, whether a "mass layoff" or "plant closing" took place on May 23, 2015, and, if so, whether Defendants gave the proper notice required by the Act. See 29 U.S.C. § 2101(a). Defendants may also seek to establish defenses common to the entire class. See, e.g., 29 U.S.C. § 2104(a)(4) (establishing employer's "good faith" and "reasonable grounds" defenses); 29 U.S.C. § 2102(b)(2)(A) (allowing for shortening of the notification period where employer meets unforeseen business circumstances). The amounts in controversy are also sufficiently small that separate proceedings for each class member would be a waste of both judicial resources as well as both plaintiffs' and defendants' time and money.

  Furthermore, if liability is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort. The class action format is superior to individual litigation in this instance.

## F. Named Plaintiffs' Counsel will be Appointed as Class Counsel

If a court certifies a class, it must also appoint counsel to represent the class. Fed. R. Civ. P. 23(g)(1). In considering an applicant for class counsel, the court must consider the factors set out in Rule 23, which include (1) the work that counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Counsel must also be capable of fairly and adequately representing the interests of the class. Fed. R. Civ. P. 23(g)(4).

Here, this court finds that the proposed class counsel has investigated and pursued the class claims diligently, has experience litigating class actions, and has knowledge of labor and employment law. This court finds that proposed class counsel is capable of fairly and adequately representing the class, and orders that they be appointed as Class Counsel.

III. **CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Named Plaintiffs' Motion for Class Certification (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Carrie Hutson, Jeanna Simmons, and Jenifer Swanner are appointed as class representatives and that the Taibi Kornbluth Law Group, P.A., and the Zachary Law Offices are appointed as Class Counsel.

This the 15th day of August, 2016.

_____
United States District Judge